IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN FRANCISCO CARBAJAL-VALDEZ, **Petitioner,** v. UNITED STATES OF AMERICA, **Respondent.** | **Civil No.** 19-1030 (FAB) related to **Criminal No.** 15-228 (FAB) |

**OPINION AND ORDER**

**BESOSA, Senior District Judge.**

Before the Court is Juan Francisco Carbajal-Valdez's ("Petitioner" or "Carbajal-Valdez") *pro se* motion to vacate, set aside, or correct sentence in Criminal Case No. 15-442 pursuant to Title 28, <u>United Sates Code</u>, section 2255 ("section 2255"), (Civil Docket No. 1); Petitioner's Memorandum in Support (Civil Docket No. 2); and the Government's Response. (Civil Docket No. 15)  For the reasons set forth below, the Court **DENIES** Petitioner's motions to vacate his sentence and **DISMISSES this case, with prejudice**. (Civil Docket Nos. 1 and 2)

I.   **BACKGROUND**

On March 30, 2015, Carbajal-Valdez and two additional co-defendants were charged in a two-count Indictment.  Count One charged Carbajal-Valdez and his co-defendants with conspiracy to possess with intent to distribute controlled substances, in

Civil No. 19-1030 (FAB)                                                2

violation of Title 21, United States Code, sections 846 and 841(a)(1) and (b)(1)(A)(ii).  Count Two charged Carbajal-Valdez and his co-defendants with possession with intent to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) and Title 18, United States Code, Section 2.  (Criminal Docket No. 13)

On June 1, 2015, Petitioner plead guilty to count one of the Indictment pursuant to a Plea Agreement.  (Criminal Docket No. 51 and 52)

On September 2, 2015, Petitioner's Sentencing Hearing was held.  The Court, following the recommendation of the U.S. Probation Officer, and with the opposition from defense counsel, applied a two-level increase to Carbajal-Valdez's base offense level for acting as the captain aboard the vessel which carried the narcotics, pursuant to Sentencing Guideline Section 2D1.1(b)(3)(C).  The Court proceeded to sentence Petitioner to a term of imprisonment of one hundred sixty-eight (168) months along with a term of supervised release and a special monetary assessment.  (Criminal Docket No. 65)

On September 2, 2015, Judgment was entered.  (Criminal Docket No. 66)

On September 11, 2015, Carbajal-Valdez filed a Notice of appeal.  (Criminal Docket No. 80)

On November 3, 2017, the First Circuit Court of Appeals issued its Judgment. Carbajal-Valdez's raised two arguments on appeal. First, he argued that the district court erred in imposing a sentencing enhancement based on Petitioner's admission that he was captain of the vessel that transported the narcotics. Second, Carbajal-Valdez argued that the government breached the plea agreement between the parties by responding to the Court's question as to Petitioner's status as boat captain. The First Circuit Court of Appeals dismissed both arguments and upheld Petitioner's sentence.[1] United States v. Carbajal-Valdez, 874 F.3d 778 (1st Cir. 2017).

Carbajal-Valdez signed and certified that he had placed in the prison mailing system his 2255 petition on December 28, 2018, therefore the same is timely.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation

---

[1] Mandate was issued on January 8, 2018, and entered on January 9, 2018. (Criminal Docket No. 136.)

Civil No. 19-1030 (FAB)                                                  4

of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion under § 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice

Civil No. 19-1030 (FAB)                                              5

resulting from the error asserted. Id., United States v. Frady, 456 U.S. 152, 167-68 (1982)

## III. DISCUSSION

In his 2255 petition, Carbajal-Valdez, makes the following allegations:

- Whether the Court erred in applying a two-point sentencing enhancement for being a boat captain; as such, whether Petitioner's Due Process and Sixth Amendment rights were violated.

- Ineffective assistance of counsel – Whether trial counsel was ineffective by failing to argue a reduction to Petitioner's sentence pursuant to Amendment 794.

- Ineffective assistance of counsel – Whether trial counsel was ineffective by failing to argue at sentencing for a reduction to his sentence based on Petitioner's immigration status.

- Ineffective assistance of counsel – Whether trial counsel was ineffective by failing to argue a miscalculation in the amount of drugs attributed to Petitioner.

- Ineffective assistance of counsel – Whether appellate counsel was ineffective by failing to advance two

arguments: (1) his failure to argue a reduction of Petitioner's sentence pursuant to Amendment 794; and (2) his failure to argue a miscalculation in the amount of drugs attributed to Petitioner.

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and

2. The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

To establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. This assessment, however, "must be a 'fairly tolerant' one because 'the

Civil No. 19-1030 (FAB)                                                      7

Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.'" Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

A claim of ineffective assistance of counsel "requires a court to first assess whether 'counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 130 S.Ct. 1473, 1482 (2010). Petitioner is obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it, Strickland, 466 U.S. at 687. See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must make this showing for each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. The Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland, Petitioner must identify acts or omissions by counsel which must be outside the wide range of professional

Civil No. 19-1030 (FAB)                                                8

competent assistance, and the harm such actions caused. Furthermore, "a defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010).

> **A. Whether the Court erred in applying a two-point sentencing enhancement for being a boat captain; as such, whether Petitioner's due process and Sixth Amendment rights were violated.**

Carbajal-Valdez claims that the Court erred when it imposed a two-level enhancement for his participation as a captain in the drug vessel, as allowed by United States Sentencing Guideline (U.S.S.G.) Sec. 2D1.1(b)(3)(c).

This exact same argument was raised by Petitioner on appeal. Carbajal-Valdez is using his 2255 petition to rehash what has already been ruled upon by the court of appeals.

In United States v. Carbajal-Valdez, 874 F.3d 778 (1st Cir. 2017), the court of appeals upheld the district court's application of the two-point enhancement for boat captain.

It is well settled that issues decided on direct appeal may not be relitigated on collateral review. "Issues disposed of in prior appeal will not be reviewed again by way of a 28 U.S.C. Section 2255 motion." Singleton v. United States, 26 F.3d 233,

Civil No. 19-1030 (FAB)                                                9

240 (1st Cir. 1994); <u>Elwell v. United States</u>, 95 F.3d 1146 (1st Cir. 1996) (citing <u>Davis v. United States</u>, 471 U.S. 333, 342, 94 S.Ct. 2298, (1974) (holding that petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law.")

Because Petitioner raised the argument on appeal and the court of appeals decided the issue on the merits, the claim may not be re-litigated on collateral review.  Accordingly, Carbajal-Valdez's first argument, that the district court erred when it applied a two-point sentencing enhancement for his role a boat captain is **DENIED**.

   B.   **Ineffective assistance of counsel – Whether trial counsel was ineffective by failing to argue a reduction to Petitioner's sentence pursuant to Amendment 794.**

In his 2255 petition for relief, Carbajal-Valdez alleges that his counsel was ineffective by failing to argue at sentencing for a minor role participant reduction to his sentence, as established by Amendment 794.[2]

Carbajal-Valdez concedes that Amendment 794 was not in effect at the time of his sentence.  Nevertheless, Petitioner

---

[2] Amendment 794 of the U.S.S.G. provides that in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant and includes a non-exhaustive list of factors for the court to consider.  <u>See</u> U.S.S.G. Supp. App. C. Amend. 794.

Civil No. 19-1030 (FAB)                                          10

argues that because it would have soon become effective, his counsel should have argued for its application.

In fact, Amendment 794 went into effect on November 1, 2015, after Carbajal-Valdez's sentence.[3]

The issue has already been decided by this Court. In Díaz-Caraballo v. United States, 2019 WL 250045 (D.P.R. June 14, 2019), this Court held that "Amendment 794 is not retroactively applicable on collateral review, however, and is not a cognizable claim under section 2255.  See Shepard-Fraser v. United States, Cr. No. 09-113, 2017 WL 136333 at *2 (D.P.R. April 18, 2017).  See also, Chávez-Ramírez v. United States, No. 16-00456, 2016 WL 6634866 at *3 (D. Haw. Nov. 8, 2016); United States v. Ochoa-Alapisco, No. 14-378, 2016 WL 6561554, at *2 (D. Minn. Nov. 3, 2016); Ruiz-Loya v. United States, No. 16-405, 2016 WL 5717881, at *3 (W. D. Tex. Sept. 20, 2016); United States v. Gillipsie, No. 16-316, 2016 WL 5402781 at *2 n.4 (E.D. Ky. Aug. 26, 2016)" Díaz-Caraballo at *2.

Carbajal-Valdez pled guilty pursuant to a Plea agreement which specifically stated the following:  "The United States and the defendant agree that **no further adjustments or departures** to the defendant's total adjusted base offense level and no variance

---

[3] Carbajal-Valdez was sentenced on September 2, 2015. (Criminal Docket No. 65)

Civil No. 19-1030 (FAB)                                                                11

sentence under 18 U.S.C. sec. 3553 **shall be sought by the parties**. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement." (Criminal Docket No. 52 at p. 5.) Any attempt by Petitioner's counsel to seek a minor role adjustment or any other adjustment for that matter would have constituted a material breach of the plea agreement. It would be unreasonable to find that counsel was ineffective for failing to argue for what would have been a breach.

Furthermore, Amendment 794 was not in effect at the time of Carbajal-Valdez's sentence. An attorney is not ineffective if he or she fails to raise an argument that was not reasonably available to him or her. Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner's allegation of ineffective assistance of trial counsel by failing to argue for a reduction of his sentence pursuant to Amendment 794 is **DENIED**.

    **C.**    **Ineffective assistance of counsel – Whether trial counsel was ineffective by failing to argue at sentencing for a reduction to his sentence based on Petitioner's immigration status.**

Carbajal-Valdez states that his counsel was ineffective because during his sentencing hearing, he failed to argue for a reduction in his sentence due to the fact that he is not a U.S.

Civil No. 19-1030 (FAB)                                              12

citizen, and is subject to deportation upon completion of his sentence.

Petitioner provides no further support for this allegation; it is just a blanket statement posed for the Court's consideration. Conclusory allegations devoid of legal and factual support should be deemed waived. See United States v. Jiménez, 498 F3d. 83, 88 (1st Cir. 2007) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Furthermore, the fact that Petitioner is an alien is not a valid ground for a downward departure. In Silverio v. United States, 559 F.Supp.2d 166 (D.P.R. 2008) the Court stated: "In United States v. Restrepo, 999 F.2d 640 (2d Cir. 1993), the Circuit Court held that the particular collateral consequences of defendant's alienage did not serve as a valid basis for departure. Specifically, the Court held that the following collateral consequences did not justify departure: '(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of sentence, and (3) the effect of deportation as banishment form the United States and separation from family.'" Id. at 644; see also United Sates v. Nnanna, 7 F3d. 420, 422 (5th Cir. 1993) . . . . Similar to Restrepo, the collateral consequence that defendant is subject because of his alienage consists of the

Civil No. 19-1030 (FAB)                                                    13

unavailability of preferred conditions of confinement. This collateral consequence does not justify defendant's request for departure." Silverio at 167. An attorney cannot be ineffective by failing to advance an argument that was not reasonably available to him.[4] Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner's allegation of ineffective assistance of his trial counsel by failing to argue for a reduction in sentence due to Carbajal-Valdez's immigration status is **DENIED**.

**D. Ineffective assistance of counsel – Whether trial counsel was ineffective by failing to argue a miscalculation in the amount of drugs attributed to Petitioner.**

Carbajal-Valdez makes a yet another blanket statement in order to try to establish that his counsel was ineffective because he did not alert the Court that he was only responsible for four hundred and twenty-four (424) kilos of cocaine instead of the four hundred and fifty (450) which was stipulated in the plea agreement. The Court is at a loss as to Petitioner's statement.

In the Plea Agreement as well as at the Change of Plea Hearing Carbajal-Valdez agreed to, and accepted, that he would be held responsible for four hundred fifty (450) kilograms or more of cocaine. (Criminal Docket Nos. 52 and 122). To argue for a lower drug quantity would have been a breach of the plea agreement.

---

[4] If counsel had raised the argument of a departure based on Carbajal-Valdez's immigration status, it would have been a breach of the plea agreement.

Civil No. 19-1030 (FAB)                                              14

"Judges are not expected to be mind readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly', Paterson-Leitch Co. v. Massachusetts Wholesale Elec. Co., 840 F2d 985, 990 (1st Cir. 1988), or else forever hold its peace." Rivera-Gómez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). Carbajal-Valdez has failed to do so.

Petitioner's allegation of ineffective assistance of his trial counsel for failure to allege a lower drug quantity is **DENIED**.

**E.  Ineffective assistance of counsel – Whether appellate counsel was ineffective by failing to advance two arguments: (1) his failure to argue a reduction of Petitioner's sentence pursuant to Amendment 794; and (2) his failure to argue a miscalculation in the amount of drugs attributed to Petitioner.**

The Court has already established that both these arguments are meritless and frivolous.

A claim of ineffective assistance of appellate counsel is measured under the Strickland standard. Evitts v. Lucey, 469 U.S. 387, 390-94, 105 S.Ct. 830, 83 (1985). Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002), citing Smith v. Robbins, 528 U.S. at 288, 120 S.Ct. 746, citing Jones v. Barnes,

463 U.S. 745 (1983).  Carbajal-Valdez must satisfy both prongs of the Strickland test in order to prevail in his claim of ineffective assistance of his appellate counsel.  The burden placed on an appellate counsel is significant, and courts are reluctant to second guess tactical decisions.  Appellate counsel is expected to cull from the many non-frivolous arguments the best, and advocate only those with merit.  Jones v. Barnes, 463 U.S. 259, 289 (1983).

In order to show successfully that appellate counsel was ineffective, Carbajal-Valdez must demonstrate that the issues ignored by counsel were clearly stronger than those which he chose to advance.  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  Manson v. Hank, 97 F.3d 887, 893 (7th Cir. 1996).  Petitioner must also be able to establish prejudice as a result of counsel's actions, Smith v. Robbins, 528 U.S. 259 at 288 (2000).  Carbajal-Valdez has failed to meet this burden.  Petitioner's claim of ineffective assistance of appellate counsel is **DENIED.**

**IV.  CONCLUSION**

For the reasons stated, Petitioner Juan Francisco Carbajal-Valdez's motions under 28 U.S.C. § 2255 (Civil Docket Nos. 1 and 2) are **DENIED**.  This case is **DISMISSED with prejudice**.  Judgment shall be entered accordingly.

Civil No. 19-1030 (FAB)                                          16

**IV.  CERTIFICATE OF APPEALABILTY**

For the reasons previously stated, the Court denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 14, 2022.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              SENIOR UNITED STATES DISTRICT JUDGE